IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TEYA STASSINOS,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | FILED<br>U.S. DISTRICT COURT<br>DISTRICT OF WYOMING<br><br>OCT 06 2011<br><br>Stephan Harris, Clerk<br>Cheyenne<br><br>Case No. 11-CV-313-F |

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND ORDER DENYING MOTION FOR DISCOVERY, EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL**

This matter is before the Court on Petitioner's Motion to Proceed *In Forma Pauperis* (IFP) and Motion for Discovery, Evidentiary Hearing and Appointment of Counsel. The Court has reviewed the motions and is fully informed in the premises.

IT IS ORDERED that Petitioner's Motion to Proceed *In Forma Pauperis* is DENIED. Petitioner acknowledges that there are no filing fees associated with a motion under Section 2255, but seeks *In Forma Pauperis* status in the event that at some time in the future if fees are required, then her status as an indigent would be established. Given that there are no

filing fees associated with a motion under Section 2255, the Court will deny Petitioner's Motion to Proceed *In Forma Pauperis* as MOOT.

IT IS FURTHER ORDERED that Petitioner's Motion for Discovery, Evidentiary Hearing and Appointment of Counsel is DENIED. There is no right to appointment of counsel beyond the direct appeal of a criminal conviction. *United States v. Brown,* 556 F.3d 1108, 1113 (10th Cir. 2009)(citations omitted). Petitioner is seeking relief pursuant to 28 U.S.C. § 2255, which is not a direct appeal. *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987). The Court finds that there are no unusual or exceptional circumstances in this case that would justify the appointment of counsel, therefore the Court will DENY Petitioner's request to appoint counsel.

Petitioner also seeks discovery pursuant to Rule 6 of the Rules Governing § 2255 proceedings. Petitioner is "not entitled to discovery as a matter of course." *Bracy v. Gramley,* 520 U.S. 899, 904 (2007). To meet the requirements of Rule 6, Petitioner must show "good cause" as well as "reasons for the request." To show good cause, a petitioner must provide the Court with "specific allegations [that] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* at 908-09 (quoting *Harris v. Nelson,* 394 U.S. 286, 300 (1969)). Petitioner has

failed to provide the Court with any basis for her request for discovery, therefore the Court finds that Petitioner is not entitled to seek discovery under Rule 6.

Finally, Petitioner has failed to provide any basis for the Court to determine that an evidentiary hearing is necessary or proper in this case. Therefore the Court finds that an evidentiary hearing is not warranted at this time.

Dated this 6 day of October, 2011.

Nancy D. Freudenthal
Chief United States District Judge